PAUL ANTOGIOVANNI *v.* AMERICA'S HOMES AND COMMUNITIES REAL ESTATE, LLC, ET AL.
(AC 32464)

Bishop, Beach and Espinosa, Js.

Argued March 23—officially released July 19, 2011

*Edward L. Parker*, pro se, the appellant (defendant).

*Michael F. Dowley*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this action related to the sale of certain real property, the defendant Edward L. Parker[1] appeals from the judgment of the trial court awarding the plaintiff, Paul Antogiovanni, attorney's fees and interest on such fees. The defendant claims that the court improperly relied on the written statement of attorney's fees submitted by the plaintiff's attorney.[2] We reject his claim and affirm the judgment of the trial court.

The gravamen of the plaintiff's complaint was that the defendant, in representing the plaintiff as his real estate agent, had breached his fiduciary duties in connection with the plaintiff's attempt to purchase certain real property. Ultimately, the property was purchased by Kate Porch, who, at the time of the sale, was the

---

[1] The plaintiff named Parker, Kate Porch, America's Homes & Communities Real Estate, LLC (America's Homes), and U.S. Bank National Association as defendants in this action. Prior to trial, the court rendered a judgment of default for failure to appear against America's Homes, and the plaintiff withdrew his causes of action against U.S. Bank National Association. Thus, the plaintiff proceeded to trial against Parker and Porch. The court found in favor of Porch as to all claims raised against her. The court rendered judgment against Parker and America's Homes. Parker, who was a self-represented party before the trial court and is self-represented in bringing this appeal, is the only defendant who is a party to this appeal. We therefore refer to Parker as the defendant in this opinion.

[2] In his brief, the defendant raises several additional claims unrelated to the issue of attorney's fees. Having carefully reviewed the claims, we conclude that they are without merit and decline to discuss them in this opinion. See, e.g., *Statewide Grievance Committee* v. *Ankerman*, 74 Conn. App. 464, 465 n.1, 812 A.2d 169, cert. denied, 263 Conn. 911, 821 A.2d 767 (2003).

defendant's fiancee and had a business relationship with him. By the conclusion of the court trial, the plaintiff was relying on the counts of his complaint alleging fraud, interference with business opportunity, breach of fiduciary duty, breach of contract, breach of the duty of good faith and fair dealing and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In its memorandum of decision, the court set forth its findings of fact and concluded that, as to the defendant, the plaintiff had proven each of these causes of action. Turning to the issue of damages, however, the court concluded that the plaintiff had failed to sustain his burden of proving his damages to any reasonable degree of certainty. The court awarded the plaintiff nominal and punitive damages. Having concluded that the plaintiff had prevailed under his CUTPA claim, the court awarded the plaintiff $24,571.15 in attorney's fees and interest on the award of attorney's fees in the amount of $3576.47.

In its memorandum of decision, the court specified that it had relied on an affidavit and a billing statement submitted by the plaintiff's attorney, Michael F. Dowley. The defendant claims that the court improperly relied on these materials because they were submitted only by way of the plaintiff's posttrial brief and the billing statement contained charges that should not have been included in the court's award of attorney's fees. The defendant states that this procedure deprived him of his right to challenge Dowley's fees.

Our review of the record reveals that, during the presentation of evidence on the final day of the trial, Dowley referred to the CUTPA count and informed the court that he had a prepared statement of his attorney's fees. Dowley indicated, however, that he still needed to redact a portion of that statement before offering it to the court. With regard to offering his statement of fees, Dowley stated: "I could do it a couple of different ways . . . . If the court feels that CUTPA [attorney's

fees] would be due, I could file an affidavit with my stuff later on or before I rest with the witness. I wanted to get my bill in. I can do it a couple of different ways. I don't know what the court would prefer." The court replied: "I would just . . . expunge that part and put it in. And then you're going to give me a brief on the CUTPA [claim]?" Dowley agreed, and the defendant did not object. Thereafter, on February 22, 2010, Dowley filed an affidavit and a detailed statement of attorney's fees with his posttrial brief. In his lengthy posttrial brief, filed on March 9, 2010, the defendant did not challenge the statement of attorney's fees or the method by which Dowley submitted such statement to the court.[3]

Our resolution of the attorney's fee issue is guided by the analysis in *Smith* v. *Snyder*, 267 Conn. 456, 480–81, 839 A.2d 589 (2004). In *Smith*, the defendants claimed that the trial court improperly awarded the plaintiffs $20,000 in attorney's fees. Id., 480. At trial, the plaintiffs in *Smith* had not presented evidence of attorney's fees but, in their post-damages hearing brief, merely had requested $25,000 in attorney's fees. Id. In resolving the claim on appeal, the Supreme Court announced a general rule that "when a court is presented with a claim for attorney's fees, the proponent must present to the court at the time of trial or, in the case of a default judgment, at the hearing in damages, a statement of the fees requested and a description of services rendered. Such a rule leaves no doubt about the burden on the party claiming attorney's fees and affords the opposing party an opportunity to challenge the amount requested at the appropriate time." Id., 479.

Under the circumstances present in *Smith*, however, the court affirmed the court's award of attorney's fees. Id., 480. The court's conclusion was based on the fact that "the defendants did not oppose or otherwise take any action in response to the plaintiffs' request for

---

[3] Likewise, the record does not reflect that Porch, who filed a posttrial brief on March 8, 2010, objected to the plaintiff's request for attorney's fees.

$25,000 in fees in their post-damages hearing brief." Id. The court reasoned that "once the plaintiffs . . . did make such a request, the defendants should have objected or at least responded to that request. Had the defendants demonstrated any interest in objecting to the plaintiffs' request for attorney's fees, the trial court would have been obligated to grant the defendants an opportunity to be heard. . . . [A] reversal of the award . . . is not justified in light of the defendants' failure, prior to this appeal, to interpose *any objection whatsoever* to the plaintiffs' request for attorney's fees. In other words, the defendants, in failing to object to the plaintiffs' request for attorney's fees, effectively acquiesced in that request, and, consequently, they now will not be heard to complain about that request." (Citation omitted; emphasis in original.) Id., 481.

In the present case, Dowley made clear during the presentation of evidence that the plaintiff intended to request attorney's fees and that he was going to submit a statement of his fees to the court for consideration. Thereafter, the plaintiff submitted a detailed statement of such fees along with an affidavit from Dowley regarding the same. Although he filed his posttrial brief after the plaintiff's filing, the defendant did not object to the submission of the statement of fees or its content. The first objection to the request for fees was made in this appeal. Under these circumstances, in which the defendant acquiesced in the submission of the statement of attorney's fees, we decline to grant relief with regard to this claim.[4]

The judgment is affirmed.

---

[4] Another aspect of the defendant's claim concerning attorney's fees warrants a brief discussion. In a claim of judicial bias raised for the first time on appeal, the defendant asserts that the court improperly "[had] a conference with [Dowley] instructing him as to how he should prepare his charges of CUTPA against the defendants but never instructed the defendants to the procedural fact that the defendants [had] the right to challenge [Dowley's] charges." Generally, apart from plain error review of the issue, this court does not consider claims of judicial bias raised for the first time on appeal.

See, e.g., *Mercer* v. *Cosley*, 110 Conn. App. 283, 290–91, 955 A.2d 550 (2008). The defendant has not sought any extraordinary level of review of this claim, such as plain error review. Furthermore, apart from referring us to the court's response to the inquiry of Dowley concerning the submission of his statement of attorney's fees, set forth in the body of this opinion, the defendant has not referred us to any evidence that the court had "instructed" Dowley with regard to his preparation of the CUTPA claim. Finally, the defendant has not presented this court with any authority for the proposition that the court had a duty to advise him concerning his right to challenge the statement of attorney's fees submitted by the plaintiff. To the contrary, our case law is clear that the role of the trial judge is to maintain a fair trial, but not to dispense legal advice, even to self-represented parties. See, e.g., *Natarajan* v. *Natarajan*, 107 Conn. App. 381, 391 n.5, 945 A.2d 540, cert. denied, 287 Conn. 924, 951 A.2d 572 (2008).