******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BAC HOME LOANS SERVICING, LP
*v.* RICHARD M. FARINA ET AL.
(AC 36105)

Alvord, Sheldon and Bishop, Js.

*Argued October 21—officially released December 16, 2014*

(Appeal from Superior Court, judicial district of New Britain, Hon. Joseph M. Shortall, judge trial referee [motion for summary judgment] Abrams, J. [strict foreclosure judgment].)

*Richard M. Farina*, self-represented, the appellant (named defendant).

*William R. Dziedzic*, for the appellee (substitute plaintiff).

*Opinion*

PER CURIAM. The original plaintiff, BAC Home Loans Servicing, LP,[1] commenced this residential mortgage foreclosure action in June, 2009, against the defendant Richard M. Farina.[2] The defendant appeals from the judgment of strict foreclosure rendered by the trial court on September 10, 2013. On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment because the plaintiff lacked standing to institute this foreclosure action. We disagree, and we affirm the judgment of the trial court.

The relevant factual and procedural background is as follows. On August 28, 2003, the defendant executed a promissory note in the principal amount of $115,000 to People's United Bank (People's Bank). As security for the note, the defendant conveyed by way of mortgage deed his interest in residential real property located in the town of Plainville to Mortgage Electronic Registration Systems, Inc., as nominee for People's Bank. On June 29, 2009, the plaintiff commenced the present foreclosure action, alleging that it was the holder of the note and mortgage, and that the note and mortgage were in default due to nonpayment of monthly installments since March 1, 2009. On August 19, 2009, the defendant filed an answer, affirmative defenses, a five count counterclaim, and a motion to dismiss for lack of subject matter jurisdiction. The motion to dismiss was denied by the court. The plaintiff moved to strike the defendant's counterclaim, and the motion was granted by the court on June 2, 2010.

On February 3, 2012, the plaintiff filed a motion for summary judgment, in which it argued that there were no genuine issues of material fact regarding the allegations of its complaint and that the plaintiff was entitled to judgment as a matter of law. Attached to the plaintiff's motion were affidavits of John Cook, a title searcher retained by the plaintiff, and Karen Finnegan, an officer of the plaintiff. Other documents were also attached, including copies of the mortgage, the assignment of the mortgage, and the note. On the morning of the February 21, 2012 hearing, the defendant filed an objection, unsupported by any accompanying documents, in which he argued that genuine issues of fact remained in dispute, and that the plaintiff lacked standing to foreclose on his property. The court granted the plaintiff's motion for summary judgment on March 5, 2012.

On June 19, 2012, the plaintiff filed a motion for a judgment of strict foreclosure. The motion was heard by the court on September 9, 2013. On September 10, 2013, the court rendered judgment of strict foreclosure and set law days to commence on October 7, 2013. This appeal followed.

We discern the defendant's principal claim on appeal to be that the plaintiff lacked standing to foreclose

because it was not the "actual owner or holder of the note."[3] We disagree with this claim.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citations omitted; internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 229, 32 A.3d 307 (2011), overruled in part on other grounds by *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 325 n.18, 71 A.3d 492 (2013).

"Several general principles concerning mortgage foreclosure procedure also guide our analysis. [S]tanding to enforce [a] promissory note is [established] by the provisions of the Uniform Commercial Code . . . . Under [the Uniform Commercial Code], only a holder of an instrument or someone who has the rights of a holder is entitled to enforce the instrument. . . . The holder is the person or entity in possession of the instrument if the instrument is payable to bearer. . . . When an instrument is endorsed in blank, it becomes payable to bearer and may be negotiated by transfer of possession alone . . . . In addition, General Statutes § 49-17 allows the holder of a note to foreclose on real property even if the mortgage has not been assigned to him. . . . This court also has recently determined [in *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 311, 71 A.3d 492 (2013)] that a loan servicer for the owner of legal title to a note has standing in its own right to foreclose on the real property securing the note." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 126–27, 74 A.3d 1225 (2013).

The defendant argues that the "lower court . . . accepted a copy of the note after the court was presented evidence showing that the [plaintiff] was no longer the actual owner and holder of the appellant's original note." The following additional facts are relevant to the defendant's claim. At the hearing on the plaintiff's motion for summary judgment, the defendant

argued that the plaintiff did not possess the original note. The court asked the plaintiff's counsel to pass up the original note. Viewing the note, the court stated: "I've been furnished with a two page—actually, it's a three page document, which is headed, 'Note for the premises at 100 Town Line Road, borrowers promise to pay People's Bank,' and it carries what are clearly the original blue ink signatures of you, Mr. Farina, and a Linda S. Farina. So, the note hasn't been destroyed. Here it is." On March 4, 2012, the court, *Hon. Joseph M. Shortall*, judge trial referee, rendered summary judgment in favor of the plaintiff, ruling that "[d]ocumentation submitted by plaintiff, including original of note viewed by court at argument, demonstrates that there are no genuine issues of material fact, and plaintiff is entitled to judgment on liability as a matter of law."

The plaintiff's possession of the note endorsed in blank was sufficient to establish its standing. The note was specially endorsed from People's Bank to Countrywide Document Custody Services, a division of Treasury Bank, N.A., and subsequently to Countrywide Home Loans, Inc. It was then endorsed in blank. Because the plaintiff possessed the note, endorsed in blank, it was entitled to enforce the note. See *RMS Residential Properties, LLC* v. *Miller*, supra, 303 Conn. 231 ("[RMS], by way of its possession of an instrument payable to [the] bearer, is a valid holder of the instrument and, therefore, is entitled to enforce it"). The defendant's challenge to the authenticity of the note provided at the summary judgment hearing is refuted by the court's ruling that it had viewed the original note. Accordingly, the plaintiff had standing to institute the present foreclosure action, and the court did not err in granting the motion for summary judgment.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

[1] The trial court granted the original plaintiff's motion to substitute Bank of America, N.A., as the party plaintiff after a merger between BAC Home Loans Servicing, LP, and BAC Home Loans Servicing, formerly known as Countrywide Home Loans Servicing, LP.

[2] The plaintiff also named as defendants Linda S. Farina, People's United Bank and JPMorgan Chase Bank, N.A. They are not parties to this appeal. We thus refer to Richard M. Farina as the defendant.

[3] In his brief, the defendant raises several additional claims. We have reviewed these claims, and "we conclude that they are without merit and decline to discuss them in this opinion." *Antogiovanni* v. *America's Homes & Communities Real Estate, LLC*, 130 Conn. App. 286, 287 n.2, 22 A.3d 706, cert. denied, 302 Conn. 939, 28 A.3d 993 (2011).